■ JOHN LOWRY, INC., et al., Respondents, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al.,

Defendants, and ISADORE ROSEN & SONS, INC., Appellant.— Order, Supreme Court, New York County (Edward Greenfield, J.), entered July 15, 1988, which, *inter alia,* disallowed the filing of the claim of Isadore Rosen & Sons, Inc. for the distribution of certain trust assets established under article 3A of the Lien Law arising from a construction project for Columbia University, unanimously reversed to the extent appealed from, on the law, facts and as an exercise of discretion, and the claim deemed timely filed nunc pro tunc, without costs.

This action was commenced by certain contractors to recover moneys due under construction projects at Columbia University. The general contractor John Lowry, Inc. had previously filed for bankruptcy. Claimant-appellant Isadore Rosen & Sons, Inc. was a subcontractor who performed labor and services on the project and remained unpaid, and as a creditor was joined as a party under article 3A of the Lien Law. A settlement was reached with Columbia whereby a trust fund of $425,000 was set aside for the benefit of those persons, such as appellant, who were entitled to make a claim under the Lien Law.

An earlier order of the IAS court set forth certain procedures for claimants to file proofs of claim. As relevant here, the order required claimants to file a verified proof of claim with counsel for the plaintiff and with the "Clerk of *this* Court" by November 23, 1987. On that date, the attorney for appellant mailed a copy to plaintiff's attorney and personally appeared at Justice Greenfield's chambers with appellant's verified proof of claim and was advised by his law secretary that he would accept the papers. Counsel for the appellant therefore left the papers with the law secretary.

Appellant's proof of claim not having been formally filed in the County Clerk's office, plaintiff made the instant motion to disallow any claim by the appellant. The IAS court granted the motion and disallowed the claim, permanently foreclosing the appellant from recovering for its work performed for the project.

The IAS court should not have construed its order so narrowly, particularly since the reference in the order to the "Clerk of *this* Court" rather than "the Court" was ambiguous and subject to varying interpretations. Here, plaintiff filed the requisite papers with the court's own law secretary, upon the law secretary's advice. In these circumstances, the failure of the paper to be included in the County Clerk's file should not

prove fatal. There was clearly no prejudice, since a copy was mailed to plaintiff's attorney giving notice of the claim.

The court's order for the filing of proof of claim forms was intended to give plaintiff notice of the claims and to establish a deadline by which members of the class entitled to recover would state their intentions or be foreclosed from pursuing their claims. The proof of claim form was neither a statutory requirement nor the type of filing designed to give notice to the public at large, under which circumstances filing with the County Clerk might be mandated. Here, the purpose of the filing was met once appellant delivered the form to the Judge's law secretary and mailed a copy to plaintiff's counsel and there was no valid basis for the court's disallowance of the claim. Accordingly, the claim should be allowed and the form deemed timely filed nunc pro tunc. Concur—Kupferman, J. P., Sullivan, Ellerin and Smith, JJ.